UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NARVEL WHITFIELD,                    ) | |
|                 Plaintiff,    ) | |
|                 v.                     ) | No. 1:21-cv-03001-TWP-TAB |
| PRETORIOUS,                          ) | |
| JEREMY JONES,                        ) | |
| RAYMON KENISON,                      ) | |
| ROBERT CARTER, JR.,                  ) | |
| JASON SERVIZZI,                      ) | |
| CHASITY PLUMMER LONG,                ) | |
| STACEY,                              ) | |
|                 Defendants.  ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

This matter is before the Court for screening of Plaintiff Narvel Whitfield's ("Whitfield") Complaint. Whitfield is a prisoner currently incarcerated at Plainfield Correctional Facility ("Plainfield"). He filed this civil action alleging that he has been injured at Plainfield because he has had to use a faulty wheelchair on sidewalks that are in disrepair.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

## II. The Complaint

Whitfield sues Warden Pretorious, Jeremy Jones, Raymon Kenison, Robert Carter Jr., Jason Servizzi, Chasity Plummer Long, and Nurse Stacey. His complaint alleges that, on June 13, 2021, he was using a broken wheelchair on sidewalks that were in poor condition and fell out of his wheelchair when it hit a broken place on the sidewalk. His left shoulder, neck, and back were injured. He saw the nurse, who noted that his wheelchair was broken and said she would email supply about getting him a new one. A few months later, he again fell out of his broken wheelchair, causing him further injury. He alleges that all defendants have been aware of the dangers caused by the sidewalks and have failed to repair them. He further alleges that all defendants were aware of his need for a new wheelchair, but did not provide one and refused to treat his injuries. Whitfield seeks damages and injunctive relief.

## III. Dismissal of Complaint

Applying the screening standard to the facts alleged in the complaint, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

While Whitfield names several defendants, he does not connect any individual defendant to the factual allegations in the body of his complaint. His general allegation that "all defendants" were aware of the condition of the sidewalks, his need for a new wheelchair, and his injuries is too vague to allow a reasonable inference that any individual defendant was aware of or responsible

for the specific acts he alleges. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation.").

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

### IV. Opportunity to File an Amended Complaint

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiff shall have **through June 17, 2022, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each injury. In organizing his complaint, the plaintiff may benefit from utilizing the Court's complaint form. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Entry.

Any amended complaint should have the proper case number, 1:21-cv-3001-TWP-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore,

it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If Whitfield files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed by **June 17, 2022**, this action will be dismissed without further notice or opportunity to show cause.

**IT IS SO ORDERED.**

Date:   5/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NARVEL WHITFIELD
933319
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168