UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NARVEL WHITFIELD, | ) |
|               Plaintiff, | ) ) ) |
|               v. | ) ) Case No. 1:21-cv-03001-TWP-TAB |
| CHASSITY PLUMMER-LONG,<br>STACIE DORAN, and ANTHONY GIBSON, | ) ) ) ) |
|               Defendants. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

This matter is before the Court on a Motion for Summary Judgment filed by Defendants Chassity Plummer-Long and Stacie Doran (collectively, "the Defendants") (Dkt. 34). Plaintiff Narvel Whitfield ("Mr. Whitfield") alleges in this lawsuit that he was denied necessary medical attention when he fell from his wheelchair at Plainfield Correctional Facility. The Defendants move for summary judgment arguing that Mr. Whitfield failed to exhaust his available administrative remedies before he filed this lawsuit as required by the Prison Litigation Reform Act ("PLRA"). For the reasons below, that Motion is **granted**.

**I.     STANDARD OF REVIEW**

Parties in a civil dispute may move for summary judgment, which is a way of resolving a case short of a trial. *See* Federal Rule of Civil Procedure 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Sch.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the

nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id.*

When reviewing a motion for summary judgment, the court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572-73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The court is only required to consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it is not required to "scour every inch of the record" for evidence that is potentially relevant. *Grant v. Tr. of Ind. Univ.*, 870 F.3d 562, 573-74 (7th Cir. 2017).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

In this case, the Defendants have met that burden through their unopposed motion for summary judgment. Mr. Whitfield failed to respond to the summary judgment motion. Accordingly, facts alleged in the Motion are "admitted without controversy" so long as support for them exists in the record. S.D. Ind. L.R. 56-1(f); *see* S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to show that summary judgment

is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.   FACTUAL BACKGROUND

Because the Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted).  Here, Mr. Whitfield has not responded to the summary judgment motion, so the Court treats the Defendants' supported factual assertions as uncontested.  *See Hinterberger v. City of Indianapolis*, 966 F.3d 523, 527 (7th Cir. 2020); S.D. Ind. L.R. 56-1(b), (f).

The Indiana Department of Correction maintains an Offender Grievance Process that allows inmates to resolve concerns and complaints related to the conditions of their confinement. (Dkt. 36-1 ¶ 4; Dkt. 36-2.)   The Offender Grievance Process consists of three steps: (1) an "Offender Grievance" submitted no later than 10 business days from the date of the incident; (2) an appeal to the Warden/Designee; and (3) an appeal to the Offender Grievance Manager.  (Dkt. 36-1 ¶ 5; Dkt. 36-2 at 3.)  There is no record that Mr. Whitfield filed a grievance on his claim that he was denied adequate medical care.  (Dkt. 36-2 ¶ 11; Dkt. 36-3.)

## III.   DISCUSSION

The Defendants seek summary judgment arguing that Mr. Whitfield failed to exhaust his available administrative remedies by failing to submit a grievance in compliance with the Offender Grievance Process.

The PLRA requires that a prisoner exhaust his available administrative remedies before suing concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle*, 534 U.S. 516, 524−25 (2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison

life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter*, 534 U.S. at 532 (citation omitted). "[T]o exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

Mr. Whitfield did not file a grievance regarding his claims in this case as required by the grievance policy. By failing to respond to the motion for summary judgment, Mr. Whitfield has not shown otherwise. Accordingly, it is undisputed that Mr. Whitfield did not exhaust his available administrative remedies as to his claims in this case.

### IV.   CONCLUSION

The Defendants' Motion for Summary Judgment, Dkt. [34], is **GRANTED**. Judgment consistent with this Order and the Order of June 28, 2022, shall now issue.

**SO ORDERED.**

Date:  12/19/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Narvel Whitfield, #933319
PLAINFIELD CORRECTIONAL FACILITY
Plainfield, Indiana  46168
Electronic Service Participant – Court Only

Douglass R. Bitner
STOLL KEENON OGDEN PLLC
doug.bitner@skofirm.com

Rachel D. Johnson
STOLL KEENON OGDEN PLLC
rachel.johnson@skofirm.com